UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MATT WILKE, an individual; THOMAS WILKE, an individual; JENINE WILKE, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>DANIEL PACHECO, an individual; IPRO SOLUTIONS LLC, a California limited liability corporation; IPRO NETWORK LLC, a California limited liability corporation; ITHRIVE GROUP, LLC, a Nevada limited liability corporation; and DOES 1-10,<br><br>Defendants. | Case No. 1:23-cv-00134-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

This case involves harms that Plaintiffs Matt, Thomas, and Jenine Wilke claim they suffered because of defendants' alleged Ponzi scheme. To summarize briefly, the Wilkes say that defendants purported to offer education about e-commerce business and investment opportunities through the PRO Currency e-commerce ecosystem. The Wilkes wired a total of $104,000 to defendants to participate. However, in return they received only two distributions of PRO

**MEMORANDUM DECISION AND ORDER - 1**

Currency in an amount that, given the crashed exchange rate, was far below the value of their initial investment.

Before the Court are defendants' motion to dismiss under Rules 12(b)(2) and 12(b)(6) (Dkt. 15) and plaintiffs' motion to amend the complaint (Dkt. 24). For the reasons explained below, the Court will grant the motion to dismiss and deny the motion to amend.

## DISCUSSION

On a motion to dismiss a complaint for lack of personal jurisdiction, "the plaintiff bears the burden of establishing that jurisdiction is proper." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (citation omitted). When, as here, the "motion is based on written materials rather than an evidentiary hearing, 'the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss.'" *Id.* (citation omitted). If the defendant offers evidence in support of the motion, the "plaintiff may not simply rest on the 'bare allegations of [the] complaint.'" *Id.* (citation omitted) (alteration in the original). Instead, the plaintiff must "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977) (citation omitted). However, "uncontroverted allegations must be taken as true, and '[c]onflicts between parties over statements contained in

**MEMORANDUM DECISION AND ORDER - 2**

affidavits must be resolved in the plaintiff's favor.'" *Ranza*, 793 F.3d at 1068 (citation omitted).

This legal standard complicates the motions now before the Court. Defendants attached the sworn declaration of Daniel Pacheco to their motion to dismiss. Dkt. 15-1. The Wilkes, in contrast, failed to offer any affidavits or other evidence to support the facts alleged in their complaint or amended complaint. They rest on the bare allegations of the complaint. Accordingly, in resolving the motion to dismiss, the Court must take uncontroverted allegations in the complaint as true, but must also rely on the only evidence before it: the Pacheco declaration.

### A.     Legal Standard

Where, as here, there is no applicable federal statute governing the assertion of personal jurisdiction over an out-of-state defendant, the district court applies the law of the forum state. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citing Fed. R. Civ. P. 4(k)(1)(A)); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998)). However, the assertion of personal jurisdiction under the law of the forum state must also be consistent with the Due Process Clause. *See Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945).

Idaho's long-arm statute, codified at Idaho Code § 5-514, allows a broader

assertion of personal jurisdiction than allowed under the Due Process Clause. *Wells Cargo, Inc. v. Transp. Ins. Co.*, 676 F. Supp. 2d 1114, 1119 n.2 (D. Idaho 2009). Thus, under Idaho law, personal jurisdictional analysis and federal due process analysis are the same. *Id.*

The exercise of personal jurisdiction over an out-of-state defendant complies with federal due process "only if he or she has certain minimum contacts with the relevant forum such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1205 (9th Cir. 2006) (en banc) (internal quotation marks and citation omitted). "Applying the 'minimum contacts' analysis, a court may obtain either general or specific jurisdiction over a defendant." *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001).

### B. General Jurisdiction

The "minimum contacts" required for general jurisdiction "are so substantial, continuous, and systematic that the defendant can be deemed to be 'present' in that forum." *Yahoo!*, 433 F.3d at 1205 (citation omitted). This "fairly high" standard for general jurisdiction requires evaluating whether the defendant "solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." *Bancroft*

*& Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (citation omitted).

Here, the Wilkes apparently concede that the Court does not have general jurisdiction over the defendants. They offer no argument or evidence to the contrary. Accordingly, the Court finds that it does not have general jurisdiction and moves to the issue of specific jurisdiction.

### C.   Specific Jurisdiction

The "minimum contacts" required for specific jurisdiction may be "less substantial" than for general jurisdiction. *Doe*, 248 F.3d at 923. Specific, or "case-linked," jurisdiction requires the "defendant's suit-related conduct" to have "a substantial connection with the forum state." *Walden*, 571 U.S. at 284, 284 n.6 (2014) (citation omitted). The determination of minimum contacts for specific jurisdiction focuses not on the plaintiff's contacts with the forum, but on "the relationship among the defendant, the forum, and the litigation." *Id.* at 283–84. The Ninth Circuit uses a three-prong test to determine whether the assertion of specific jurisdiction is appropriate:

> *First*, [t]he non-resident defendant must purposefully direct [his or her] activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. *Second*, the claim must arise out of or

**MEMORANDUM DECISION AND ORDER - 5**

>relate to the defendant's forum-related activities. *Finally*, the exercise of jurisdiction must be reasonable.

*Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Cholom, S.A.*, 972 F.3d 1101, 1107 (9th Cir. 2020) (internal quotations and citations omitted) (emphasis added).

The plaintiff bears the burden of demonstrating the first two elements. *Menken v. Emm*, 503 F.3d 1050, 1057 (9th Cir. 2007). If the plaintiff is able to satisfy the first two elements, then the burden shifts to the defendant to make "a compelling case" that the exercise of jurisdiction over a nonresident defendant would be unreasonable. *Id.* (citation omitted)

The Wilkes fail to show the first element—purposeful direction. In brief, the amended complaint alleges that Marc McConnell (and others he recruited) worked in Idaho and recruited people in Idaho to sell IPro products to Idaho citizens, including the Plaintiffs *on behalf of Pacheco and IPro*. Dkt. 25-1; *see also* Dkt. 25 at 7-8 (arguing that the amended complaint establishes purposeful direction because Pacheco "and his entities directed its solicitations and promotions towards Idaho, through multiple agents physically located in Idaho, who then convinced Idaho residents, including the Wilkes, to invest in iPro. Defendants directed actions also caused an Idaho bank to send money from Idaho, on behalf of Idaho residents").

**MEMORANDUM DECISION AND ORDER - 6**

These allegations would likely be sufficient if they were supported in any way. They are not. And the Pacheco declaration plainly states that Daniel Pacheco had never conducted any business in Idaho, IPro Solutions, LLC "has never done any business in Idaho, nor has it solicited business from Idaho", and that IPro Network, LLC "has never done business in Idaho. That is, it has never conducted any events in Idaho, nor has purposefully targeted Idaho residents." Dkt. 15-1 at 2. It further states that Mr. McConnell is an "independent distributor" who is not employed by IPro Network, is not an agent of IPro network, does not hold an officer or managerial role in IPro Network. Dkt. 15-1 at 3. Moreover, the declaration said none of the defendants authorized the events at which Mr. McConnell and his team recruited the Wilkes. *Id.*

Based on the Pacheco declaration, the Court finds that the Wilkes have not met their burden of establishing a prima facie case that defendants purposefully directed their activities at Idaho. Accordingly, the Court lacks personal jurisdiction over the defendants.

### D. Transfer of Jurisdiction

The Wilkes ask the Court to transfer this case to the Southern District of California, rather than close the case. Federal law provides that,

> Whenever a civil action is filed . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the

**MEMORANDUM DECISION AND ORDER - 7**

> interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631.

The Wilkes' argument for transfer is a single sentence: "Given that Defendants agree there is an alternative venue for this case, the Southern District of California, should this Court decline to exercise jurisdiction, rather than dismissing the matter for lack of jurisdiction it should transfer the case." Dkt. 25 at 13. That alone is not sufficient for the Court to transfer the matter pursuant to 28 U.S.C. § 1631. As defendants point out, the Wilkes have not provided any evidence to support their assertion, much less any meaningful analysis applying the standard for transfer.

That said, the Pacheco Declaration is illuminating on this point. Mr. Pacheco states that Irvine, California is the principal place of business for Defendants IPro Solutions, LLC and IPro Network, LLC. Dkt. 15-1 at 2-3. The "principal place of business" is the "paradigm bas[i]s for general jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (alternations omitted). However, Mr. Pacheco states only that he is a resident of California and offers nothing about Defendant

**MEMORANDUM DECISION AND ORDER - 8**

IThrive Group, LLC. Dkt. 15-1 at 1. Therefore, on the record now before the Court, it could perhaps transfer the claims against half the defendants. The Court cannot conclude that splitting this case between two jurisdictions is in the interest of justice. Therefore, transfer is not appropriate at this juncture.

Accordingly, the Court intends to dismiss the case without leave to amend.[1] However, the Wilkes may, within 10 days of this order, request discovery on the limited issue of jurisdiction if—and only if—they have a good faith belief, consistent with their obligations under Rule 11, that facts exist which would subject defendants to the jurisdiction of the Court. Alternatively, within that same 10-day window, the Wilkes may file a motion to transfer venue that addresses the requirements of 28 U.S.C. § 1631.

---

[1] The Court is mindful of the Ninth Circuit's clear guidance to the District Courts that, in dismissing a complaint, they "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *see also Waldrip v. Hall*, 548 F.3d 729, 732 (9th Cir. 2008). However, those cases arise from motions to dismiss for failure to state a claim under Rule 12(b)(6). Where, as here, the motion to dismiss is based on a lack of personal jurisdiction under the auspices of Rule 12(b)(2), there is no guidance from the Circuit that the plaintiff should be granted leave to amend. Presumably, that is because an amended complaint cannot cure a plaintiff's failure to make a prima facie factual showing that the Court has personal jurisdiction over the defendants.

**MEMORANDUM DECISION AND ORDER - 9**

## ORDER

**IT IS ORDERED that:**

1. Defendant's 12(b)(2) Motion to Dismiss (Dkt. 15) is **GRANTED**.

2. Plaintiff's Motion to Amend the Complaint (Dkt. 24) is **DENIED**.

3. The Court will direct the Clerk to close this case in 10 days' time if no request for jurisdictional discovery or motion to transfer is filed.

DATED: August 30, 2023

B. Lynn Winmill
U.S. District Court Judge